# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CR-14-00312-001-HE |
| ) | |
| MAJID IRANPOUR MOBAREKEH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Majid Iranpour Mobarekeh moved for reduction of his sentence, claiming he has been wrongfully denied the opportunity to participate in a Residential Drug Abuse Program while incarcerated. However, defendant is in substance challenging the execution of his sentence and judicial relief is available, if at all, only by a habeas corpus petition pursuant to 28 U.S.C. §2241. *See* <u>Montez v. McKinna</u>, 208 F.3d 862, 865 (10th Cir. 2000). Consistent with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the court referred defendant's motion, construed as a § 2241 petition, to Magistrate Judge Suzanne Mitchell for initial proceedings.

The magistrate judge issued a Report and Recommendation, noting that a § 2241 petition must be filed in the district where the petitioner is confined as it typically attacks the execution, rather than the validity, of a sentence. Because defendant is currently serving his sentence in Texas, the magistrate judge concluded the court lacks jurisdiction to consider his petition. He should have filed it in the federal court of the judicial district where he is incarcerated.

Defendant did not file an objection to the Report and Recommendation. Instead he again asks the court to reduce his sentence, citing as authority for the relief sought, 18 U.S.C. §§ 3353(a), (a)(4)(A), (a)(5).[1] Those statutory provisions provide factors for the court to consider when determining the sentence to be imposed. They do not authorize the court to reduce a defendant's sentence.

The court agrees with Magistrate Judge Mitchell's analysis and adopts her Report and Recommendation. Accordingly, construing plaintiff's motion as a petition asserting a claim for relief under 28 U.S.C. § 2241, the court concludes the petition must be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 19th day of April, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[1] Although defendant actually references multiple sections in Title 28, because they do not exist it is apparent he is referring to Title 18.